UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-163-FDW

| | |
|---|---|
| TEJERRICK JAMAL WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES TREASURER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

**I.  BACKGROUND**

On August 23, 2017, *pro se* Plaintiff Tejerrick Jamal Wallace, filed a Complaint against "United States Treasurer" that has been liberally construed as a civil rights suit pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff is incarcerated at the Alexander Correctional Institution and identifies himself as a member of the Moorish Community. (Doc. No. 1-1).

Plaintiff seeks a substitute trustee for his "property," *i.e.*, a "trust … made for [his] benefit," under the Judicature Act of 1873, Fourteenth Amendment, and the Trading With the Enemy Act. (Doc. No. 1 at 3-4). He states in part:

> I am the cestui que and the trust was made for my benefit but the trustee has
> not been working in good faith in protecting the collateral of the trust and not
> intervening on a unproper trust proceeding, and not curing the debt to release liened

---

[1] Bivens and 42 U.S.C. § 1983 both impose liability on government actors for constitution violations; § 1983 applies to state actors and Bivens applies to federal actors. See Holly v. Scott, 434 F.3d 287, 301 (4th Cir. 2006).

1

collateral of the TEJERRICK JAMAL WALLACE TRUST….

(Doc. No. 1 at 4).

He seeks the following relief:

> I am asking the Court to see my equitable claim. Place me in the right section of this Court which will evoke the rules of equity in this case. I want a substitute trustee and a master in chancery to find the private side of the account and run the trust. The duties of the treasurer should be placed on the substitute trustee. The duty will be to cure the debt of Tejerrick Jamal Wallace which will release the corpus from the lien and captivity.
>
> I would ask the Court also, that since this suit is in accordance with the Trading With the Enemy Act to were only a notice had to be sent in to the President before filing suit, which I have done, I ask that the Court excuse the summons in a civil action.

(Doc. No. 1 at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of

Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III.    DISCUSSION**

Plaintiff's Complaint is factually frivolous because his claim about a trust benefitting him is clearly baseless. His Complaint is also legally frivolous because any attempt to seek money damages from the United States Government, or an agency thereof, would be barred by sovereign immunity. See Radin v. United States, 699 F.2d 681 (4th Cir. 1983) ("It is well settled that the United States, as a sovereign, is absolutely immune from suit except as Congress specifically provides, and any waivers of immunity are to be strictly construed) (citing United States v. Testan, 424 U.S. 392, 399 (1976)); United States v. Sherwood, 312 U.S. 584, 587-88 (1941) (unless

Congress has consented to a cause of action against the United States, there is no jurisdiction in any court of the land to entertain such suits). This Court is unaware of, and Plaintiff has failed to identify, any statutory provision waiving that defense that would allow Plaintiff to bring suit against the United States Treasury under the facts of this case. Moreover, any attempt to gain his release from incarceration is not cognizable in a civil rights action. See generally Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (a prisoner in state custody cannot use a civil rights action to challenge "the fact or duration of his confinement."); 28 U.S.C. § 2254.

There is no arguable construction of law or fact under which Plaintiff would be entitled to relief and, therefore, his Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(d)(i), (ii), and (iii).

**IV. CONCLUSION**

Plaintiff is unable to proceed against the sole named Defendant, he has failed to state a factual or legal basis for his Complaint, and it is evident that this deficiency cannot be cured through amendment. Therefore, the Complaint is dismissed with prejudice and this case is closed.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(d)(i), (ii), and (iii).

2. The Clerk is instructed to close this case.

Signed: February 28, 2018

Frank D. Whitney
Chief United States District Judge